EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
JACK WOODSIDE, State Bar No. 189748
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5138
 Fax: (916) 324-8835
 Email: Jack.Woodside@doj.ca.gov

Attorneys for Defendant State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>                              Plaintiff,<br><br> v.<br><br> STATE OF CALIFORNIA,<br><br>                              Defendant. | Case No: 3:07-CV-04267 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS**<br><br>Date:         November 21, 2007<br>Time:        10:30 a.m.<br>Courtroom: C - 15th Floor<br>Judge:       The Honorable<br>                  Edward M. Chen |

## INTRODUCTION AND SUMMARY OF RELEVANT ALLEGATIONS

By his complaint, which is difficult to decipher, plaintiff Michael Dunn ("Dunn"), proceeding in pro per, seeks declaratory relief against the State of California with respect to the applicability of California Health and Safety Code § 11594. According to the complaint, Dunn was "released from federal confinement[1] about March 2000 and ordered to register under [Health

---

1. According to the criminal judgment attached to the complaint, on May 13, 1998, Dunn was found guilty of four federal criminal counts, including 21 U.S.C. § 841(a) [Manufacture/ Cultivation of Marijuana, a Class B Felony]; two counts of 26 U.S.C. § 5861 (d) [Possession of an Unregistered Machine Gun & Destructive Devices, a Class C Felony]; and 26 U.S.C. § 5861 (f) [Manufacture of Destructive Devices, a Class C Felony].

1  and Safety Code] § 11594."[2/] Complaint "Cmplt." 2, ¶ 2. Dunn alleges that, while driving his truck, he has been stopped and searched pursuant to § 11594.[3/] Cmplt. 1, ¶ 4. The complaint additionally alleges that "§ 11594's hold terminates five years after discharge from prison or termination of probation or parole" and that the sheriff's department has refused to update its computer to reflect that Dunn should no longer be stopped and searched pursuant to § 11594 because he is on "federal supervised release." Cmplt. 2, ¶¶ 1, 3.[4/]

This Court does not have subject matter jurisdiction over the lawsuit because Dunn has failed to present an actual Article III "case or controversy." In addition, the State of California is immune from suit based on its sovereign immunity under the Eleventh Amendment to the United States Constitution. Further, the complaint fails to state a viable claim for which relief may be granted, in that there are simply no allegations against the State of California.

At a minimum, if the Court is not inclined to dismiss the complaint outright at this stage, Dunn should provide a more definite statement, because the complaint is vague and unclear.

Based on the foregoing, defendant State of California respectfully requests that its motion to dismiss be granted and the complaint against it be dismissed without leave to amend.

///
///
///
///
///

---

2. California Health and Safety Code § 11594 discusses requirements for controlled substance offenders to register with the Department of Justice.

3. Because the complaint alleges that Dunn has attempted to resolve this situation with the Sheriff's Department in Mendocino County, it is presumed that Dunn's vehicle was stopped and searched by sheriff's deputies from that county. Compl. 1, ¶¶ 1,4.

4. The complaint further alleges that 1) Dunn should never have been required to register under § 11594 because it only applies to "users" and 2) he now "has a physicians prescription for use of marijuana and § 11594 makes no allowance for this." Compl.2, ¶¶ 4, 5.

# ARGUMENT

## I.

### STANDARDS FOR A RULE 12(b) MOTION TO DISMISS

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Rule 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted.

Rule 12(b)(1) allows a party to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). In the latter instance, no presumption of truthfulness attaches to a plaintiff's allegations. *Ibid.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988) (citations omitted). Where a Rule 12(b)(1) motion is brought, the burden of proof is on the party asserting federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Thornhill Publ'g Co.,* 594 F.2d at 733.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and the reasonable inferences that can be drawn from them. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not accept as true unreasonable inferences,

unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A court generally cannot consider materials outside of the complaint (e.g., briefs, affidavits, or discovery materials), except for materials submitted with the complaint or the contents of which are alleged in the complaint. *Hal Roach Studios, Inc., v. Richard Feiner*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). The court may also consider matters subject to judicial notice. *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988).

## II.

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ALLEGATIONS CONTAINED WITHIN THE COMPLAINT

**A.  There Is No Constitutional "Case Or Controversy".**

With respect to declaratory judgments, 28 U.S.C. § 2201(a) states, in pertinent part, "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (Emphasis added.) In this regard, federal subject matter jurisdiction requirements must be satisfied in order for declaratory relief to be granted. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

A federal court should dismiss an action whenever the court is satisfied that there is no controversy within its jurisdiction. *Jackson v. Kuhn*, 254 F.2d 555, 559 (1958). At the threshold to demonstrate standing, plaintiffs must establish three elements constituting the "irreducible constitutional minimum" under Article III: (1) they must show that they have "suffered an injury-in-fact to a legally protected interest that is both concrete and particularized and actual and imminent, as opposed to conjectural or hypothetical;" (2) there must be a "causal connection between the injury and the conduct complained of;" and (3) "it must be likely – not merely speculative – that [their] injury will be redressed by a favorable decision." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152-1153 (9th Cir. 2000) (citations and internal quotation marks omitted). Moreover, because plaintiffs' complaint seeks injunctive and declaratory relief, plaintiffs must meet, *in addition to these three basic elements,* (4) a "further requirement that they show a very

1  significant possibility of future harm . . ." *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

This further requirement of imminent injury is necessary to establish jurisdiction under Article III over claims to injunctive *or* declaratory relief. "The named plaintiffs' failure to establish a likelihood of future injury similarly renders their claim for declaratory relief unripe. . . In suits seeking both declaratory and injunctive relief against a defendant's continuing practices, the ripeness requirement serves the same function in limiting declaratory relief as the imminent-harm requirement serves in limiting injunctive relief." *Hodgers-Durkin v. De La Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999). Accordingly, all four elements of constitutional standing or ripeness must be met for any claim seeking equitable relief in federal court.

Here, Dunn cannot satisfy the requirements for subject matter jurisdiction over his claim for declaratory relief. For example, assuming *arguendo* that he can show the requisite injury-in-fact, Dunn cannot meet the Article III standing requirement that he show a causal connection between the harm about which he complains and any conduct of the State of California. In other words, to the extent that any application of Health and Safety Code § 11594 harmed Dunn, defendant State of California did not cause such harm. Dunn's complaint references an alleged incident wherein his car was stopped and searched by officers in Mendocino County. His repeated references to the sheriff's department suggest that sheriff's deputies in Mendocino County were involved in the actions about which Dunn complains. However, the State of California does not exercise direct control over that local law enforcement entity. Therefore, Dunn fails to supply any facts whatsoever showing a causal connection between his alleged injury and the State of California.

Moreover, because there is no connection between any injury suffered by Dunn and the State of California, he certainly cannot demonstrate a significant possibility of future harm to warrant equitable relief. Importantly, there have been no facts alleged which would justify equitable relief with respect to the conduct of the State of California. Nor could amendment to the complaint remedy the failure to identify the necessary facts. Dunn has not and cannot show that there is a "case or controversy" with respect to the State of California sufficient to provide

him with standing. Therefore, on this basis, the complaint should be dismissed without leave to amend.

### III.

### THE LAWSUIT AGAINST THE STATE OF CALIFORNIA IS BARRED BY THE ELEVENTH AMENDMENT

**A. A State Cannot Be Sued Directly In Its Own Name Regardless of the Relief Sought.**

Even if this Court were to find subject matter jurisdiction, the action would then be barred under the Eleventh Amendment to the United States Constitution, which provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

Although the above language only expressly refers to citizens of another state or a foreign state, the United States Supreme Court has interpreted the Eleventh Amendment also to bar suits against a state brought by its own citizens in federal court, absent consent by the state. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-103 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). This immunity exists not only for the state, but also for its agencies and its officials sued in their official capacities. *Edelman v. Jordan*, 415 U.S. at 666-667. In addition, the immunity applies in suits based on federal question jurisdiction as well as on diversity jurisdiction. *Seminole Tribe of Florida v. Florida,* 517 U.S. at 53.

The complaint seeks a declaratory judgment against the State of California, which is squarely prohibited under the Eleventh Amendment. Certainly, when a state (and not an individual state official) is sued, as it has been here, the Eleventh Amendment, by its own terms, bars such a lawsuit, regardless of the type of claim or relief, be it legal or equitable. Moreover, there are no allegations that the State of California waived this immunity or consented to being sued in federal court.

Nor is there any application here of the exception to Eleventh Amendment immunity for suits that seek prospective relief against a state's ongoing constitutional violation, provided they name a state official as the defendant. This exception is commonly known as the *Ex Parte Young* exception. *Edelman v. Jordan*, 415 U.S. at 664-666; *Ex parte Young*, 209 U.S. 123, 159-60 (1908). The *Ex parte Young* exception allows for a lawsuit against a state official in his individual capacity—that is, outside the scope of his official duties—to be prosecuted in federal court if the claim is limited to an injunction against the official preventing him from enforcing an unconstitutional state law. *Id.* at 166. The *Ex parte Young* exception rests on a "fictional distinction" between the state and a state official such that, if the official is enforcing an unconstitutional statute, he is considered to be operating outside his official capacity and can be sued as an individual to be enjoined from such enforcement. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 at 114.

In the present case, the complaint names only the State of California, placing it entirely outside the scope of the *Ex Parte Young* exception. Even had the complaint named a state official, the exception would still be inapplicable because the complaint fails to allege that the statute in question, Health and Safety Code § 11594, is unconstitutional. Therefore, enforcement of the statute would not place a state official outside of his official capacity, and the lawsuit would continue to be barred by the Eleventh Amendment.

Defendant State of California is cloaked with Eleventh Amendment immunity against this lawsuit. As a result, the complaint should be dismissed without leave to amend on this additional ground.

///
///
///
///
///
///
///

## IV.

### THERE ARE SIMPLY NO CLAIMS AGAINST THE STATE OF CALIFORNIA FOR WHICH RELIEF CAN BE GRANTED

As mentioned above, dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d at 699 (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d at 533-34). The entire complaint is devoid of any charging allegations against defendant State of California. Although the State of California is named as a party to the action, the alleged conflict apparently revolves around actions taken by a local law enforcement agency against Dunn. In this regard, the State of California, as already indicated, has no direct role in the supervision of such an agency, and the complaint lacks any allegations demonstrating that the State of California took any action that would support a viable claim.

Dunn has failed to state a viable claim against the State of California for which relief can be granted. Consequently, on this ground alone, the complaint should be dismissed without leave to amend.

## V.

### IN THE ALTERNATIVE, DUNN SHOULD BE REQUIRED TO MAKE A MORE DEFINITE STATEMENT.

A motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure is proper when the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). Here, the background and facts necessary to support Dunn's lawsuit have not been adequately pleaded. Thus, if this Court does not dismiss this action in its entirety, Dunn should be required to amend the complaint so that the allegations are sufficiently definite to be subject to a renewed motion to dismiss.

/ / /

/ / /

## V.

## CONCLUSION

Based on the foregoing, defendant State of California respectfully requests that the Court grant defendant's motion and dismiss the complaint without leave to amend.

Dated: October 5, 2007

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        CHRISTOPHER E. KRUEGER
        Senior Assistant Attorney General

        DOUGLAS J. WOODS
        Supervising Deputy Attorney General

        /S/ Jack Woodside

        JACK WOODSIDE
        Deputy Attorney General

        Attorneys for Defendant State of California

10383208.wpd
SA2007102569