EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
JACK WOODSIDE, State Bar No. 189748
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5138
 Fax: (916) 324-8835
 Email: Jack.Woodside@doj.ca.gov

Attorneys for Defendant State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>                                   Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                                   Defendant. | Case No: 3:07-CV-04267 EMC<br><br>**DEFENDANT STATE OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION/REPLY TO MOTION TO DISMISS**<br><br>Hearing:           November 21, 2007<br>Time:               10:30 a.m.<br>Courtroom:      C - 15th Floor.<br>Judge:              The Honorable<br>                          Edward M. Chen |

Defendant State of California ("State") briefly replies to plaintiff Michael Dunn's ("Dunn") opposition[1] to the State's Motion to dismiss. As explained in the opening brief, Dunn has not alleged an actual controversy against the State to provide this Court with subject matter jurisdiction; his lawsuit against the State is barred by the Eleventh Amendment; and he has failed to state a viable claim for which relief can be granted. Dunn's opposition merely restates certain allegations in his complaint and fails to provide any support to overcome the deficiencies cited in the State's motion to dismiss.

---

1. Though Dunn calls his response the "reply," the State will refer to it as the "opposition."

Therefore, the Motion to Dismiss should be granted, and Dunn's complaint should be dismissed without leave to amend.

### A. There Is No Constitutional "Case or Controversy"

Dunn's claim that he is wrongly registered as a convicted drug user, which makes him "subject to stop and search at [the] whim of [an] officer," does not create an actual controversy sufficient to give this Court subject matter jurisdiction. Opposition, ¶ 1. Dunn's inability to articulate a causal connection between this alleged harm and conduct of the State confirms the absence of an actual controversy. As a result, Dunn cannot demonstrate the constitutional standing required to provide this Court with subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) [federal subject matter jurisdiction requirements must be satisfied in order for declaratory relief to be granted].

### B. The Eleventh Amendment Bars this Lawsuit

Dunn's contention that it is a state law that needs to be clarified does not overcome the State's immunity from this lawsuit. Opposition, ¶ 2. A state cannot be sued in federal court, regardless of the relief sought, unless its Eleventh Amendment immunity has been waived or overridden by Congress. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, (1985) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir.1999).

Here, Dunn sues the State of California directly in its own name. The State has immunity against this type of lawsuit. The State has not waived its Eleventh Amendment immunity, nor has it been overridden by Congress. Furthermore, as explained in the State's moving brief, though this action seeks only declaratory relief, the State is still immune from suit.

In addition, the United States Supreme Court case cited by Dunn is distinguishable from this matter. In *Procunier v. Martinez*, 416 U.S. 396, 398 (1974), California inmates brought a class action suit against the director of the California Department of Corrections seeking declaratory and injunctive relief, alleging that certain regulations were unconstitutional. The Supreme Court found that the district court appropriately refused to abstain from analyzing the constitutionality of the regulations mainly because the lawsuit invoked important First

1  Amendment issues. *Id.* at 1807-1808. The Supreme Court noted that while federal courts
2  normally abstain where state regulations are challenged as vague, the First Amendment
3  considerations involved in the case made federal review proper. *Id.* at 1805-1806.
4        Certain distinctions are readily apparent between the *Procunier* case and this matter.
5  One notable difference is that in *Procunier* the action was against an individual (the director of
6  the California Department of Corrections), as opposed to the State itself. Additionally, unlike in
7  *Procunier,* Dunn has not alleged that Health and Safety Code § 11594 violates any federal
8  constitutional rights. Instead, he would like this Court to clarify whether he is subject to the
9  registration requirements under that statute. Therefore, the circumstances which made federal
10 court review proper in *Procunier* are not present here.

    **C. The Complaint Fails to State a Claim Against the State for Which Relief Can Be Granted**

13       Dunn's request to eliminate his name from the "police computer as stoppable" does not
14 allege a valid claim against the State. Opposition, ¶ 3. As indicated in the State's opening brief,
15 dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable
16 legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*
17 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter*
18 *Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).
19       Dunn's additional claims in the complaint that he has been stopped and searched by
20 law enforcement while driving his car also fall short of constituting a viable claim against the
21 State. Nor does it appear that thee is any likelihood Dunn could solve his pleading shortcomings
22 by amendment.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

For all of the reasons mentioned above, defendant State of California respectfully requests that the Court dismiss the complaint without leave to amend.

Dated: October 25, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

DOUGLAS J. WOODS
Supervising Deputy Attorney General

/S/ Jack Woodside

JACK WOODSIDE
Deputy Attorney General
Attorneys for Defendant State of California

10389394.wpd
SA2007102569