UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

          Plaintiff,

     v.

STATE OF CALIFORNIA,

          Defendant.

_____/

No. C-07-4267 EMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**(Docket No. 10)**

     Plaintiff Michael Dunn has filed a complaint against Defendant the State of California, in which he appears to ask that the Court issue a declaratory judgment that he is not required to register as a drug offender pursuant to California Health & Safety Code § 11590 *et seq.*  The State has filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction, that the State is immune from suit, and that the complaint fails to state a claim for relief.  Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss.

## I.  DISCUSSION

     One of the State's main arguments in support of its motion to dismiss is that it is immune from suit under the Eleventh Amendment.  According to the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state."  U.S. Const., amend. XI.  "Although the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it has been interpreted to do so."  *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 U.S.

1  Dist. LEXIS 77322, at *4 (N.D. Cal. Oct. 9, 2007); *see also Pennhurst State School & Hosp. v.*

2  *Halderman*, 465 U.S 89, 100 (1984) ("'[A]n unconsenting State is immune from suits brought in

3  federal courts by her own citizens as well as by citizens of another state.'"). Accordingly, here, the

4  State has immunity from Mr. Dunn's declaratory relief action.

5       Mr. Dunn's reliance on *Procunier v. Martinez*, 416 U.S. 396 (1974), is unavailing. In that

6  case, the Supreme Court did not address the issue of Eleventh Amendment immunity because the

7  defendant sued was not a state or an arm of the state but rather an individual sued in his official

8  capacity. *See id.* at 398 ("This case concerns the constitutionality of certain regulations promulgated

9  by appellant Procunier in his capacity as Director of the California Department of Corrections."); *see*

10  *also Pittman v. Oregon*, No. 05-35900, 2007 U.S. App. LEXIS 28028, at *14-15 (9th Cir. Dec. 5,

11  2007) ("Sovereign immunity also does not bar suits for prospective injunctive relief against

12  individual state officials acting in their official capacity."). In the instant case, Mr. Dunn has sued

13  only the State of California.

14       Even if Eleventh Amendment immunity were not a bar to Mr. Dunn's lawsuit, the case

15  would be dismissed both for failure to state a claim and lack of standing. Mr. Dunn has not alleged

16  any injury to himself caused by the State, nor has he provided the Court with any evidence that he

17  has suffered an injury as a result of the State's actions. He makes reference to an arbitrary stop that

18  was allegedly committed by a sheriff, not an employee or official of the State. Mr. Dunn argues that

19  he has suffered and continues to suffer injury caused by the State because registration under the state

20  statutory scheme embodied in § 11590 *et seq.* makes him subject to a stop and search without

21  probable cause. But this argument is unavailing as the language of the relevant statutes do not give

22  any person or entity the authority to conduct a stop and search without probable cause. Indeed, the

23  statutes make no mention of stops and searches at all.

24       Moreover, the Court gave Mr. Dunn an opportunity, after the hearing on the motion to

25  dismiss, to submit information showing that the state statute allows for stops and searches without

26  probable cause, but he provided no such information. Indeed, he submitted no information to the

27  Court at all. Apparently, Mr. Dunn did give to the State a document titled "Notice of Narcotic

28

Offender Registration Requirement -- 11590 H&S," *see* Docket No. 18, Ex. A, but this document says nothing about stops and searches pursuant to § 11590 *et seq.*

The Court notes, for Mr. Dunn's benefit, that its ruling here does not mean that he is necessarily without any remedy for the alleged wrong related to the registration requirements of § 11590 *et seq.* If, for example, the local sheriff's department was stopping and searching him without probable cause, and citing § 11590 *et seq.* as the legal authority for its actions, then Mr. Dunn may have legal recourse against that department. The Court's ruling here is simply that the State of California is not a proper defendant both on the merits and based on immunity.

## II.    **CONCLUSION**

For the foregoing reasons, the Court grants the State's motion to dismiss. The dismissal is without prejudice. Mr. Dunn shall have thirty (30) days to file an amended complaint or his case will be dismissed with prejudice and the Clerk of the Court shall close the file in this case.

This order disposes of Docket No. 10.


IT IS SO ORDERED.


Dated:  December 14, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court

For the Northern District of California

3

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

       Plaintiff,

   v.

STATE OF CALIFORNIA,

       Defendant.

_____/

No. C-07-4267 EMC

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Michael  Dunn
P.O. Box 1468
Laytonville, CA 95454

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

Dated:  December 14, 2007

RICHARD W. WIEKING, CLERK


By:  _____/s/_____
      Leni Doyle
      Deputy Clerk