UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

        Plaintiff,

        v.

STATE OF CALIFORNIA,

        Defendant.
_____/

No. C-07-4267 EMC

**ORDER RE PLAINTIFF'S FILING OF JANUARY 22, 2008**
**(Docket No. 21)**

        On December 14, 2007, the Court issued an order granting the State's motion to dismiss and giving Plaintiff Michael Dunn thirty days to file an amended complaint or his case would be dismissed with prejudice. On January 22, 2008, Mr. Dunn filed with a court the following statement[1]:

> The case was dismissed but an issue was not addressed -- can the Fed Probation Dept force me to sign up for a state drug offender program when by state law I have a physician[']s prescription to grow and possess marijuana? Congress has exceeded its authority under Interstate Commerce Clause rendering the 10th Amend fluff.
>
> Hope you have courage to address this -- reply requested!

Docket No. 21.

        In his original complaint, Mr. Dunn did allege that he "has a physician[']s prescription for use of marijuana and § 11594 makes no allowance for this." Compl. ¶ 5. However, he never alleged

---

[1] Mr. Dunn dated his statement January 17, 2008 (a Thursday), but he did not file the statement with the Court until five days later.

or even suggested in that complaint a Tenth Amendment or Commerce Clause violation. Therefore, to the extent Mr. Dunn's filing on January 22 is a motion to reconsider, the motion is denied.

To the extent Mr. Dunn intended his filing to be an amended complaint, the amended complaint is untimely. Mr. Dunn had thirty days (*i.e.*, until January 14, 2008) to file an amended complaint, but he did not comply with this deadline. Nor has he provided any explanation as to why he was not able to comply with that deadline. Nonetheless, even if the Court were to construe Mr. Dunn's notation as an amended complaint and allow it, despite its untimeliness, the Tenth Amendment claim is foreclosed by the Supreme Court decision in *Gonzales v. Raich*, 545 U.S. 1 (2005), which held that Congress does have the constitutional power to prohibit the local cultivation and use of marijuana in compliance with California law, which authorizes the use of marijuana for medicinal purposes.

Accordingly, the Court hereby instructs the Clerk of the Court to enter judgment and close the file in this case.

IT IS SO ORDERED.

Dated: January 23, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2